## CHURCHILL v. UNITED STATES.
### Civil Action No. 2480.

District Court, E. D. Wisconsin.

Oct. 7, 1946.

William H. Churchill, of Milwaukee, Wis. for plaintiff.

Timothy Cronin, U. S. Atty., and E. J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis., and P. S. McMahon, Sp. Asst. to Atty. Gen., for defendant.

DUFFY, District Judge.

George R. Virmond died testate on April 19, 1939. His widow filed a petition for probate of his will on May 1, 1939, and thereafter the will was admitted to probate and plaintiff is now the acting trustee under said will. At the time of Virmond's death he was the owner of a 66 acre farm in Ozaukee County, Wisconsin. This farm was located on the west shore of Lake Michigan and has a shoreline in excess of 1,300 ft. The farm was valued at $33,000 at the time of decedent's death.

By the terms of his will Virmond devised the farm (1) to the city of Milwaukee on condition that the land be maintained as a public park; (2) if the city did not accept the land for the stated purpose within two years after the filing of the will for probate, then the land was devised to the State of Wisconsin on condition it be maintained as a park and the devise be accepted within one year from the expiration of the time for acceptance by the city of Milwaukee; (3) if the State did not accept the land within the time stated, then it was devised to the County of Ozaukee as long as the county should maintain it as a public park and provided that the county accepted the devise within one year after the time for acceptance by the State had expired; (4) in the event that neither the city, State, nor county should accept the land the will provided it should go into the residuary estate. The will further provided that if the farm should be accepted by the city, State, or county, but should thereafter cease to be maintained or used as a public park, the title should then be vested in a named individual legatee. It also provided that in any event Virmond's wife should have the right to occupy the farm free of charge for five years after the testator's death.

On June 20, 1940, the executor of the will filed a federal estate tax return in which a deduction of $27,123.60 was claimed. This figure was arrived at by deducting from the value of the farm the

sum of $5,876.40 which was determined in the probate proceedings as the value of the widow's interest. Upon audit of the return, it was proposed to disallow the deduction upon the ground that neither the city, State, nor county had then accepted the devise for public park purposes. A deficiency tax and interest was assessed, based upon the disallowance of the claimed deduction.

On September 11, 1939, the Common Council of the city of Milwaukee rejected the devise; on October 19, 1939, the State of Wisconsin likewise rejected same. On October 23, 1939, the executor of the Virmond estate advised the Board of Supervisors of Ozaukee County that both the city and the State had rejected the devise. On March 3, 1943, the County of Ozaukee did accept the property "for the purpose of maintaining and using the same as a public park, on and subject to all the conditions and limitations in said will contained."

On March 6, 1943, the trustee filed a claim for refund of the deficiency tax and interest attributable to the disallowance of the deduction claimed. The commissioner rejected the claim for refund and this action was then timely commenced.

Section 812(d) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 812(d), provides for a deduction from the value of the gross estate of "the amount of all bequests, legacies, devises, or transfers, to or for the use of * * * any State, * * * any political subdivision thereof, * * * for exclusively public purposes."

Treasury regulation 105, Sec. 81.46, provides: "If as of the date of decedent's death the transfer to charity is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that charity will not take is so remote as to be negligible. * * *"

■ The act of the commissioner of internal revenue in denying the claim is presumed to be correct and the burden of proof is upon the taxpayer to establish that he erred. The plaintiff here contends that the bequest was unconditional; that there was nothing uncertain about it as far as the testator was concerned, in that the thing devised was a given area of land, the value of which was definitely ascertainable as of the date of testator's death. Plaintiff further argues that neither the trustee nor any third person could interfere or determine when or in what amount the bequest would become effective, that they had no power to invade the corpus.

■ I conclude that the bequest was conditional and that the possibility that the devise would not be accepted was not so remote as to be negligible.

The transfer to charity could not become effective unless and until the city, State, or county accepted the bequest within the time and subject to the conditions provided in the will, and even though the bequest were accepted it might be defeated by the failure of the governmental body to continuously use and maintain the land as a public park.

When decedent made his will in 1935 he foresaw the possibility that none of the governmental agencies would accept the land with the conditions attached, and he therefore made an alternate provision for such an event. Both the city of Milwaukee and the State promptly rejected the bequest. The Conservation Department of the State wrote: "* * * financial considerations which would naturally grow out of the development, operation and maintenance of such an area as a State park compelled them to reject the offer of this property."

On February 17, 1943, the Board of Supervisors of Ozaukee County adopted a proposal for the appointment of a committee of five "to thoroughly investigate the advisability of Ozaukee County's acceptance or rejection of the Virmond Park property and report its findings to the Ozaukee County Board, with recommendations, at the next meeting thereof." Thereafter considerable pressure was brought to bear upon the board to accept the bequest. The county judge was active in that regard; some eight or ten persons addressed a meeting of the board; and finally an ac-

ceptance resolution was adopted by a vote of 16 to 3. Incidentally a previously approved resolution to submit the matter to a referendum by the voters seems to have been discarded.

In spite of the fact that the subject of the "Virmond property" as a public park had received the consideration of the County authorities since 1939, yet the time when the county could accept the devise had almost expired when the special committee recommended approval subject to final action by the electorate of the county. Prompt acceptance would have been most likely had the devise been unconditional, and it might then have been well said that the possibility that charity would not take was so remote as to be negligible. However, with the conditions which were attached, two of the governmental bodies promptly rejected, and it was only after long consideration and considerable argument that the county accepted.

The evidence in this case does not sustain the claim and it cannot be held that at the time of decedent's death the possibility that charity would not take the devise was so remote as to be negligible.

Because of the conditions attached to the devise and because of the possibility of charity failing to accept or, if accepting, failing to continue to maintain the tract as a park, the value of the devise for public purposes could not be ascertained as of the date of decedent's death.

Judgment may go for the defendant.